IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| KIYUNTAE G. BEAUDOIN, | § | |
| --- | --- | --- |
| Movant, | § | |
| VS. | § | NO. 4:18-CV-325-A |
| | § | (NO. 4:15-CR-253-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Kiyuntae G. Beaudoin ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, its supporting memorandum, the government's response, the reply, and pertinent parts of the record in Case No. 4:15-CR-253-A, styled "United States of America v. Kiyuntae G. Beaudoin," the court has concluded that the motion should be denied.

I.

### Background

Information contained in the record of the underlying criminal case discloses the following:

On November 12, 2015, movant was named in a one-count indictment charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). CR Doc.[1] 10.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying
(continued...)

The Federal Public Defender was appointed to represent movant, and his assistant continued to represent movant through sentencing and on direct appeal. CR Doc. 5.

On December 4, 2015, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. CR Doc. 17. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 51.

The probation officer prepared a presentence report reflecting that movant's base offense level was 22. CR Doc. 21, ¶ 44. Movant received a 2-level enhancement because the offense,

---

[1](...continued)
criminal case.

including relevant conduct, involved three or more firearms, id. ¶ 45; a 2-level enhancement because one of the firearms had been stolen, id. ¶ 46; and a 4-level enhancement because movant possessed a rifle during an aggravated robbery 13 days before the instant offense, id. ¶ 47. Movant also received a 2-point adjustment for obstruction of justice. Id. ¶ 51. Thus, his total offense level was 32. Id. ¶ 55. His criminal history category was IV. Id. ¶ 72. His guideline range of imprisonment was 168-210 months; however, the statutory maximum sentence was ten years. Therefore, the guideline imprisonment range became 120 months. Id. ¶ 134.

Movant filed objections to the PSR. CR Doc. 23. The probation officer prepared an addendum to the PSR, CR Doc. 27, and movant once again objected. CR Doc. 33. On March 25, 2016, movant appeared for sentencing. CR Doc. 52. His counsel argued that the facts of the robbery, as recited in the PSR, lacked sufficient indicia of reliability. Id. at 15. He also objected to the obstruction of justice enhancement and failure to award acceptance of responsibility. Id. at 4-14. The court overruled the objection to the robbery enhancement, but sustained movant's other objections. Id. at 14-17. Accordingly, the guideline range became 100-120 months. Id. at 14, 17-19. The court, noting

movant's terrible criminal history, sentenced him to a term of imprisonment of 120 months. CR Doc. 45; CR Doc. 52 at 19-21.

Movant appealed and his sentence was affirmed. United States v. Beaudoin, 673 F. App'x 455 (5th Cir. 2017). Movant asserted one issue on appeal: the court erroneously applied a sentencing enhancement for using or possessing a firearm in connection with another felony offense, pursuant to guideline § 2K2.1(b)(6)(B). 673 F. App'x at 456. The Fifth Circuit determined that the PSR was sufficiently reliable to support the enhancement, and that, alternatively, any error in application of the enhancement was harmless, as the court had expressed that it would have sentenced movant to the statutory maximum regardless of the advisory guideline range. Id. at 457.

II.

Ground of the Motion

Movant presents one ground in support of his motion. He says that he received ineffective assistance of counsel. Doc.[2] 5 at PageID[3] 18. As supporting facts, movant asserts that his counsel "did not put the prosecutor's application of the U.S.S.G. § 2K2.1

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] The "PageID" reference is to the page number assigned by the electronic filing system, found at the top right corner of the electronic version of the document.

enhancement to adversarial testing. Nor did he challenge the sentencing court's abuse of discretion during sentencing." Id.

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States

v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."

Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Misapplication of the sentencing guidelines is not a ground that can be raised by motion under § 2255. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Although movant can raise ineffective assistance of counsel, in this case, his counsel did raise the guideline issue--that is, application of the sentencing enhancement under § 2k2.1(b)(6)(B)--on appeal and it was rejected. 673 F. App'x 455. Movant argues that his counsel failed to put the government to the test and to "learn all of the relevant facts of the case." Doc. 1 at PageID 5. But, he does not point to any evidence to support his conclusory allegations. See Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983)("Absent evidence in the record, a court cannot consider a habeas

petitioner's bald assertions . . . to be of probative evidentiary value."). Further, the cases movant cites are not relevant to his case. See, e.g., Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257 (2016), concerning the Armed Career Criminal Act; Mathis v. United States, 136 S. Ct. 2243 (2016), concerning whether a prior conviction qualifies as a sentencing predicate; and Nelson v. Colorado, 137 S. Ct. 1249 (2017), concerning refund of costs, fees, and restitution when a conviction is overturned.

Movant's counsel is entitled to the strong presumption that he performed effectively. Strickland, 466 U.S. at 687. Movant has not shown, and cannot show, that he received ineffective assistance of counsel.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED July 2, 2018.

JOHN McBRYDE
United States District Judge